**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In Re:

Raul Espinosa                                  Judge Robert A. Mark

                                               Case No. 20-19203-RAM

              Debtor.                          Chapter 13
_____/

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

NOW COMES Citizens Bank, N.A. (hereinafter "Objecting Creditor"), by and through its undersigned attorney, and files this objection to the Chapter 13 Plan and hereby states:

1. The Debtor executed a Retail Installment Sale Contract for the purchase of a 2015 BMW 5 Series, VIN: WBA5A5C53FD515905 (hereinafter "Collateral") on June 20, 2016. A copy of the Contract is attached hereto as Exhibit "A". A copy of the Electronic Title from DealerTrack Technologies is attached hereto as Exhibit "B".

2. The Debtor filed a Chapter 13 bankruptcy on August 26, 2020.

3. Objecting Creditor filed a secured proof of claim on September 01, 2020 in the amount of $20,710.48.

4. The debt for the Collateral was incurred June 20, 2016, which is more than 910 days before the date of the filing of the petition

5. On September 3, 2020, Debtors filed a Chapter 13 plan with this Court proposing to pay Citizens Bank N.A. $12,500.00 as a secured claim.

6. The amount of a secured claim "shall be determined based on the replacement value of the property securing the claim as of the date of the filing petition without deduction for

cost of sale or marketing." Replacement value is defined by § 506(a)(2) as "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time the value is determined."

7. Pursuant to 11 U.S.C. § 506(a)(1): "An allowed claim of a creditor secured by a lien on property in which the estate has an interest … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim."

8. The retail value of the Collateral is $17,550.00 pursuant to NADA Guidelines. NADA Guides valuation is attached hereto as Exhibit "C"

9. Plan should not be confirmed pursuant to 11 U.S.C. § 1325 (a)(5)(B)(ii) because it proposed to pay Objecting Creditor less than the amount of its allowed secured claim.

10. The requested hearing time is fifteen (15) minutes

**WHEREFORE**, Objecting Creditor objects to the confirmation of the Chapter 13 plan and requests an order sustaining Objecting Creditor's objection together with such other relief as this Court deems just and proper.

/s/ Geoffrey J. Peters
Geoffrey J. Peters, Esq. (Bar No. 66239)
**Weltman, Weinberg & Reis Co., L.P.A.**
Counsel for Citizens Bank, N.A.
3705 Marlane Drive
Grove City, OH 43123
(614) 883-0678
(614) 801-2601 (fax)
gpeters@weltman.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Objection to Confirmation of Chapter 13 Plan and all attachments has been served by regular U.S. mail and/or electronically to the individuals listed below on September 10, 2019.

Raul Espinosa, 1535 W 3rd Ave Hialeah, FL 33010
Robert Sanchez, 355 W 49th St Hialeah, FL 33012
Nancy Neidich, PO Box 279806, Miramar, FL 33027
Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130

                                            /s/ Geoffrey J. Peters
                                            Geoffrey J. Peters, Esq. (Bar No. 66239)

WWR #040673089